IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darryl Keith Louis, Jr., also known as Sadiq, | ) ) ) |
| Plaintiff, | ) ) |
| v. | Civil Action No. 1:25-cv-294-BHH-SVH ) ) ) **ORDER** |
| Joel Anderson, Charles M. Williams, Donald Beckwith, and Terrie Wallace, | ) ) ) ) |
| Defendants. | ) ) ) |

Plaintiff Darryl Keith Louis, Jr., ("Plaintiff"), also known as Sadiq, filed this *pro se* action on January 16, 2025, asserting that certain policies of the South Carolina Department of Corrections ("SCDC") violate his sincerely held religious beliefs and violate the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, *et seq.* ("RLUIPA").

On March 24, 2025, Plaintiff filed a motion for a temporary restraining order ("TRO") and motion for preliminary injunction. (ECF No. 20.) On April 2, 2025, Defendants Joel Alexander ("Alexander") and G. Murrell Smith, Jr. ("Smith"), filed a motion to dismiss based on legislative immunity. (ECF No. 21.) And on April 7, 2025, Plaintiff filed a motion to amend his complaint, seeking to dismiss Defendants LeVern Cohen and Terrance Smalls and seeking to add Donald Beckwith based on Plaintiff's transfer to another SCDC institution. (ECF No. 30.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to a United States Magistrate Judge for preliminary determinations.

On May 14, 2025, the Magistrate Judge issued an Order and Report and

Recommendation ("Report"), granting Plaintiff's motion to amend, recommending that the Court grant the motion to dismiss filed by Defendants Alexander and Smith, which Plaintiff did not oppose, and further recommending that the Court deny Plaintiff's motion for TRO and preliminary injunction. (ECF No. 44.) Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. On June 5, 2025, Plaintiff filed objections to the Magistrate Judge's Report. (ECF No. 62.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

As an initial matter, the Court notes that the motion to dismiss filed by Defendants Alexander and Smith is no longer pending, as the current operative pleading does not

name these individuals as Defendants.  (*See* ECF Nos. 84, 102.)  Thus, the Court finds moot the motion to dismiss filed by Defendants Alexander and Smith.

In his objections, Plaintiff objects to the Magistrate Judge's recommendation that the Court deny his motion for TRO and preliminary injunction.  Specifically, Plaintiff asserts that he has offered case law to support the grant of injunctive relief, and he reasserts his claim that Defendants have pressured him to modify his behavior and violate his beliefs.  (ECF No. 62 at 1-3.)  Plaintiff further asserts that the Magistrate Judge erred in relying on Defendants' application of *Incumaa v. Ozmint*, 507 F.3d 281 (4th Cir. 2007); *Rendleman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); and *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987).  (ECF No. 62 at 3-8.)  Lastly, Plaintiff asserts that the Magistrate Judge erred by failing to consider the balance of the equities, which Plaintiff asserts tips in his favor.  (*Id.* at 8-9.)

After *de novo* review, however, the Court finds Plaintiff's objections unavailing.  As the Magistrate Judge explained, the substantive standard for granting either a temporary restraining order or a preliminary injunction is the same, and a party seeking either must establish: "that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of the equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "To obtain a preliminary injunction under the *Winter* test, a movant must make a 'clear showing' of [the] four requirements."  *Alkebulanyahh v. Nettles*, 2011 WL 2728453, at *3 (D.S.C. July 13, 2011); *see also Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011) ("*Winter* thus requires that a party seeking a preliminary injunction . . . must clearly show that it is likely to succeed on the merits.")

(internal quotation marks omitted). As the Supreme Court has noted, a preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Here, the Court agrees with the Magistrate Judge that Plaintiff has not made the requisite *clear* showing of the *Winter* factors, and the Court finds nothing in Plaintiff's objections to alter the Court's analysis. As the Magistrate Judge noted, the relief Plaintiff seeks in his motion is largely specific to Ridgeland Correctional Institution, but Plaintiff's transfer to Wateree effectively moots his claims for injunctive and declaratory relief with respect to his incarceration at Ridgeland. *Rendleman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."). Furthermore, the Court notes that after filing objections to the Report, Plaintiff also filed a motion to amend his complaint, which the Magistrate Judge granted, and a second amended complaint was filed on July 8, 2025. (ECF Nos. 71, 83, 84.) Plaintiff again moved to amend the complaint on August 13, 2025, and the Magistrate Judge again granted his motion. (ECF Nos. 91, 101.) A third amended complaint was filed on September 5, 2025. (ECF No. 102.) At this time, it appears that Plaintiff has been transferred again, to Kirkland Correctional Institution. Ultimately, therefore, the Court finds that Plaintiff's motion for temporary restraining order and preliminary injunction, which pertains to Plaintiff's incarceration at Ridgeland, is now moot.

## CONCLUSION

Based on the foregoing, the Court adopts the Magistrate Judge's Report (ECF No. 44); the Court finds moot the motion to dismiss filed by Defendants Alexander and Smith

(ECF No. 21); and the Court denies Plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 20).

    **IT IS SO ORDERED.**

/s/Bruce H. Hendricks<br>United States District Judge

September 30, 2025  
Charleston, South Carolina