IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Darryl Keith Louis Jr., a/k/a Sadiq,<br><br>Plaintiff,<br>v.<br><br>Joel Anderson, Charleston M. Williams, Lawshawn Peoples,<br><br>Defendants. | C/A No. 1:25-cv-00294-BHH<br><br><br>**ORDER** |

Plaintiff Darryl Keith Louis, Jr., also known as Sadiq ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, argues that Defendants have violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc *et seq.*

Now pending before the Court are several motions. Plaintiff has filed a second motion for temporary restraining order and for preliminary injunction (ECF No. 140); a motion for summary judgment (ECF No. 172); a motion to compel (ECF No. 199); and a motion for sanctions. (ECF No. 200.) Defendants have filed a motion for summary judgment and/or motion to dismiss. (ECF No. 191.) The dispositive motions have been fully briefed and are ripe for review. Pursuant to the provisions of Title 28, U.S.C. § 636(b)(1)(A) and (B), and the Local Rules, D.S.C., these motions were referred to a United States Magistrate Judge for consideration.

On July 30, 2026, United States Magistrate Thomas R. Rogers issued a Report and Recommendation ("Report") recommending that the Court grant summary judgment in Defendants' favor on all of Plaintiff's claims other than his challenge regarding the ban

on conjugal visits because Plaintiff has failed to exhaust his administrative remedies, and grant summary judgment in Defendants' favor on Plaintiff's claim for conjugal visits under RLUIPA because Defendants have met their burden of addressing and rebutting less restrictive policy alternatives. (ECF No. 226 at 5-15.) For these same reasons, the Magistrate Judge recommends that the Court deny Plaintiff's second motion for temporary restraining order and for preliminary injunction and motion for summary judgment. (*Id.* at 15.)

On September 3, 2026, after granting Plaintiff an extension of time to respond to the Report, Plaintiff filed objections to the Report. (ECF No. 240.)

## STANDARD OF REVIEW

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

In reviewing these pleadings, the Court is mindful of Plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir.1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate.").

**DISCUSSION**

The Report contains a procedural history of this case and sets forth the correct legal standard. Because no party objects to these portions of the Report, the Court incorporates the procedural history and legal standard from the Report without a recitation. Additionally, Plaintiff filed objections relating only to the Report's findings and recommendation on his claim for conjugal visits under RLUIPA. (ECF No. 240 at 1.) The Court has reviewed the Report's findings and recommendation on Plaintiff's other claims for clear error and finds none. Accordingly, the Court adopts this portion of the Report and incorporates it herein without a recitation.

Plaintiff asserts the following specific objections to the Report's findings on his claim for conjugal visits under RLUIPA.

First, Plaintiff claims that the Magistrate Judge erroneously concluded that he has not shown that the prohibition on conjugal visits creates a substantial burden to his religious exercise. (ECF No. 240 at 1-2.) Plaintiff, however, merely repeats his argument that the religious passages he cited, encouraging consummation of marriage, are

sufficient to satisfy that a substantial burden has been placed on his religious exercise. (*Id.* at 2.) Plaintiff reiterates that, since he was incarcerated at the time he married his wife, he has not consummated his marriage. The Magistrate Judge, however, addressed this argument and Plaintiff's evidence, noting that the passages "encourage . . . consummation of marriage" and further none of the evidence put forth by Plaintiff indicates that his religion prohibits periods of celibacy. (ECF No. 226 at 11.) Plaintiff does not argue otherwise in his objections. Nonetheless, after *de novo* review, the Court finds no merit to this objection. Moreover, and notably, the Magistrate Judge did not end his analysis with Plaintiff's *prima facie* showing of a substantial burden, but he assumed *arguendo* that Plaintiff can meet his burden and based the recommendation of dismissal on a finding that the prohibition of conjugal visits survives strict scrutiny. (*Id.* at 12-15.)

Plaintiff's next objection to the Report is that the Magistrate Judge did not consider Plaintiff's rebuttal to the cases cited by Defendants that have found a ban on conjugal visits survives strict scrutiny, or the cases cited by Plaintiff. (ECF No. 240 at 3.) A review of the Report reveals that the Magistrate Judge did not expressly address each and every case cited and relied upon by the partes. Rather, after reviewing the evidence put forth by Defendants, the Magistrate Judge comments on the legal landscape on this issue in a footnote and references *Robertson* v. Kansas, No. 07-3162-SAC, 2007 WL 4322781 (D. Kan. 2007). (ECF No. 226 at 14 n.6.) The *Robertson* court denied plaintiff's claim for conjugal visits under RLUIPA because such visits "obviously would involve a considerable burden on prison officials" and "the practice of allowing conjugal visits to some prisoners on religious grounds while denying the same to others would undermine institutional security interest." 2007 WL 4322781, at *2 Plaintiff's rebuttal to this case does not impact

the legal landscape noted by the Magistrate Judge. Moreover, the Magistrate Judge need not address each and every argument raised and case cited by the parties and, thus, did not commit clear error or act contrary to law in failing to explicitly address Plaintiff's rebuttals or every case cited by Plaintiff in his opposition memorandum. *See, e.g., In re Pork Antitrust Litig.*, No. CV 18-1776 (JRT/JFD), 2023 WL 23828, at *4 (D. Minn. Jan. 3, 2023) (holding that "[t]he Magistrate Judge need not specifically address each and every argument raised by a party"); *Gillani Consulting, Inc. v. Ferguson Enters., Inc.*, No. 3:07-CV-1488-O, 2008 WL 11425717, at *2 (N.D. Tex. Nov. 10, 2008) (same).

Plaintiff's third objection to the Report is that the Magistrate Judge overlooked Plaintiff's arguments in response to the attestations of the current Director of Security and Emergency Operations for SCDC, Colie Rushton. (ECF No. 240 at 3-4.) Relatedly, Plaintiff's fourth objection disagrees with the Magistrate Judge's finding that Defendants have rebutted Plaintiff's proposed less restrictive policy alternatives. (*See id.* at 4-12 (repeating many of the same arguments set forth in his opposition to Defendants' motion for summary judgment).) *See Rhodes v. Sterling*, 475 F. Supp. 3d 470, 472 (D.S.C. 2020) ("A specific objection 'requires more than a reassertion of arguments from the [pleading] or a mere citation to legal authorities.'" (quoting *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2 (D.S.C. 2019))). Nevertheless, after *de novo* review, the Court finds that the Magistrate Judge examined the relevant evidence in the record and correctly concluded that Defendants have met their burden of identifying possible, less restrictive means and rebutting them. (ECF No. 226 at 12-15.)[1] Indeed, through Mr. Ruston's

[1] The Court has reviewed the declaration of Bobby Gibson Jr., an inmate in SCDC custody, that Plaintiff submitted with his objections. (ECF No. 240-1.) However, even considering the statements made by Mr. Gibson, the Court finds that SCDC has met its burden and is entitled to summary judgment on Plaintiff's claim for conjugal visits under RLUIPA.

affidavit, Defendants have supported their argument that total prohibition on conjugal visits is the least restrictive means to fulfill compelling government interests, such as safety, security, and health concerns, and have addressed the less restrictive alternatives Plaintiff proposes. (*Id.*) On this record, the Court agrees with the Magistrate Judge that SCDC has met its burden to show, with more than its bare say-so, that its proffered interests in denying Plaintiff's accommodations are compelling and that SCDC's prohibition on conjugal visits is the least restrictive means to further those interests.

## CONCLUSION

For the reasons set forth herein, the Court **adopts and specifically incorporates** the Magistrate Judge's Report into this Order (ECF No. 226); **overrules** Plaintiff's objections to the Report (ECF No. 240); **grants** Defendants' motion for summary judgment and/or motion to dismiss (ECF No. 191); **denies** Plaintiff's motions for injunctive relief and for summary judgment (ECF Nos. 140, 172); and **denies as moot** Plaintiff's motions to compel and for sanctions. (ECF Nos. 199, 200.)

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 18, 2026
Charleston, South Carolina